## BOUSSOD VALADON CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   January 30, 1895.)

No. 494.

1. CUSTOMS DUTIES—REVIEW OF THE DECISION OF THE BOARD OF APPRAISERS —EVIDENCE.

A finding of the board of general appraisers, not sustained by sufficient proof, will be disregarded by the court.

2. SAME—PAINTING IMPORTED FOR EXHIBITION — ASSOCIATION FOR PROMOTION OF ART.

A painting imported for exhibition by an association for the promotion of art, within Act Oct. 1, 1890, par. 758, providing for admission of works of art so imported, does not fall within the proviso of paragraph 759, that the privileges of paragraph 758 "shall not be allowed to associations engaged in or connected with business of a commercial character," merely because it is exhibited in the art rooms occupied by a copartnership engaged in selling works of art, some of whose members are connected with the association.

3. SAME—PROTEST—REFERENCE TO STATUTE NOT IN EXISTENCE.

A protest which clearly points out the facts and reasons why certain goods should be admitted free of duty is not bad because it refers to a statute not in existence at the time, and such reference does not relieve the collector from proceeding under existing laws.

This was an application by the Boussod Valadon Company, the importer of a certain painting for exhibition, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York assessing duty on said painting.

Eugene H. Lewis, for importers.

Jason Hinman, Asst. U. S. Atty.

COXE, District Judge (orally).   I think that the painting in this case is directly within paragraph 758 of the tariff act of 1890.   It is not within the proviso of paragraph 759 of the same act, first, because the proof is insufficient to sustain the finding of the board; and second, even if the finding were correct, it would not bring the case within the proviso, because the proviso clearly refers to importations by those engaged in business or connected with business of a private or a commercial character.   It is safe to say that the lawmakers did not intend that provision to cover the case of a painting exhibited by a corporation in the art rooms occupied by a copartnership engaged in selling works of art, even though some members of the copartnership may be connected with the corporation.

The question of protest is more serious.   It is, however, purely technical; no one has been misled, and I shall hold the protest good.   The reference to a statute not in existence at the time was surplusage and did not relieve the collector from proceeding under existing laws.   The protest was clear and explicit in pointing out the facts and the reason why the importer insisted that the painting should enter free of duty.   The decision of the board of appraisers is reversed.